**Robert BENHABIB, an individual, Plaintiff—Appellant,**

v.

**HUGHES ELECTRONICS CORPORA- TION, a Delaware corporation; et al., Defendants—Appellees.**

No. 08–55599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed June 10, 2009.

Stephen D. Morgan, Esquire, David R. Shaub, Esquire, Shaub & Williams, Los Angeles, CA, for Plaintiff–Appellant.

Lawrence J. Gartner, Esquire, Naomi Young, Esquire, Stefanie M. Gusha, Esquire, Ballard Spahr Andrews and Ingersoll, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: W. FLETCHER, CLIFTON and M. SMITH, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Robert Benhabib appeals the district court's grant of judgment

* This disposition is not appropriate for publication and is not precedent except as provided

as a matter of law in favor of Defendants– Appellees Hughes Electronics Corporation and Hughes Network Systems, Inc. (Hughes). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.

Benhabib failed to produce sufficient evidence that the parties had a meeting of the minds regarding the terms of the alleged implied contract. *See Guz v. Bechtel Nat'l Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1101 (2000). Even assuming the existence of an implied contract, however, Benhabib was not entitled to enhanced benefits because no "change of control," as defined in the brief contractual language the parties seem to have agreed upon, occurred until after his termination.

Benhabib similarly failed to provide sufficient evidence of pretext in response to Hughes' bona fide business reasons for terminating him. *Hicks v. KNTV Television, Inc.,* 160 Cal.App.4th 994, 73 Cal. Rptr.3d 240, 249 (Cal.Ct.App.2008).

Finally, even if the district court erred in its various evidentiary rulings, any error did not affect the outcome of the case. *See In re First Alliance Mortgage Co.,* 471 F.3d 977, 999 (9th Cir.2006).

**AFFIRMED.**